UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WILLIAM CLYDE GIBSON III,                )
                                         )
                    Petitioner,          )
                                         )
          v.                             )          No. 1:23-cv-00330-JMS-MG
                                         )
RON NEAL,                                )
                                         )
                    Respondent.          )


**ORDER ON MOTION FOR LEAVE TO FILE SURREPLY, MOTION FOR
TRANSPORT ORDER, MOTION FOR EVIDENTIARY HEARING, AND MOTION
FOR DISCOVERY**

Petitioner William Clyde Gibson brought this habeas corpus action challenging his Indiana

state court convictions for the murders of Christine Whitis, Stephanie Kirk, and Karen Hodella.[1]

Dkt. 1. Respondent has moved to dismiss the petition as untimely. Dkt. 33.

Now before the Court are three related discovery motions and a motion for leave to file

sur-reply, all filed by Mr. Gibson and opposed by Respondent. For the reasons discussed in this

Order, Mr. Gibson's motions are **granted.**

## I.  Background

Respondent argues that Mr. Gibson's petition was filed too late, and that he is not entitled

to equitable tolling. "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas

relief has just one year after his conviction becomes final in state court to file his federal petition."

*Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). Mr. Gibson's one year statute of limitations

began running on February 3, 2020, when the Indiana Supreme Court denied rehearing of the

---

[1] Mr. Gibson was sentenced to death for the murders of Ms. Whitis and Ms. Kirk and was sentenced to 65
years of incarceration for the murder of Ms. Hodella. Dkt. 1 at 3.

denials of his petitions for post-conviction relief in the Whitis and Kirk cases.[2] His deadline to file a timely federal habeas petition was February 3, 2021.

Anticipating the need to hand off Mr. Gibson's case after state proceedings concluded, his state post-conviction counsel contacted Mr. Kenneth Murray in November of 2019 to represent Mr. Gibson in his federal habeas proceedings. Green Declaration, dkt. 62-29 at 3-4. Mr. Murray was appointed as counsel and appeared for Mr. Gibson in this Court in May of 2020, and his co-counsel Mr. Michael Benza appeared in June. *See Gibson III v. Neal*, 4:20-cv-00100-TWP-KMB, dkts. 3-7.

In between Mr. Murray first agreeing to represent Mr. Gibson in November of 2019, and his formal appointment in this Court in May of 2020, the COVID-19 pandemic emerged and began limiting in-person meetings as early as March 2020. In addition, Mr. Gibson had been diagnosed as bipolar, but had stopped receiving medication in 2018, leading his counsel to speculate that his lack of medication caused him to repeatedly block their attempts to contact him. Benza Declaration, dtk. 77-1 at 2.

On January 21, 2021, less than two weeks before Mr. Gibson's deadline to file his petition, his counsel filed a motion for prospective equitable tolling. *Gibson III v. Neal*, 4:20-cv-00100-TWP-KMB, dkt. 13. The Court denied the motion six days later. *Id*. at dkt. 14. In a phone call lasting less than five minutes on February 1, 2021, counsel explained to Mr. Gibson that his federal habeas petition was due in two days, that they could not prepare a petition by the deadline, and that they would instead prepare a petition later and seek equitable tolling at that time. Dkt. 62-44 at 2; dkt. 79-37 at 30.

---

[2] Mr. Gibson filed his state petition for post-conviction relief in the Hodella case more than a year after his conviction became final. Dkt. 33 at 3. Thus, his deadline to file a federal habeas petition arguably expired many years before his deadlines in the Whitis and Kirk cases.

Mr. Murray struggled with health issues throughout his representation of Mr. Gibson and filed a notice of withdrawal from the case in August of 2022. Murray Declaration, dkt. 62-30 at 6-7. Mr. Benza filed a notice of withdrawal in October of 2022. Benza Declaration, dkt. 77-1 at 3. Oliver Lowey was appointed to represent Mr. Gibson in August of 2022. *Gibson III v. Neal*, 4:20-cv-00100-TWP-KMB, dkt. 46. Mr. Lowey opened this new action by filing Mr. Gibson's habeas petition on February 23, 2023. Dkt. 1. The Court also granted the pro hac vice motions of a second qualified attorney to represent Mr. Gibson in October of 2023, and a Federal Community Defender Capital Habeas Unit attorney in August of 2024. Dkt. 20; dkt. 52.

Mr. Gibson has filed a motion for an evidentiary hearing on equitable tolling and two related discovery motions.

## II.  Motion for Evidentiary Hearing

Mr. Gibson requests an evidentiary hearing to present evidence in support of his equitable tolling claim. Such evidence would include testimony regarding the impacts of the COVID-19 pandemic, testimony regarding prior counsel's representation of Mr. Gibson, expert testimony regarding Mr. Gibson's mental health, and expert testimony regarding professional norms in representing capital defendants. Dkt. 86 at 10-18.

Respondent opposes the motion for evidentiary hearing, arguing that there are no evidentiary disputes and Mr. Gibson is not entitled to equitable tolling because his counsel made a strategic decision to not file a petition before his time to do so expired. Dkt. 92 at 1 ("Gibson's representation by counsel is dispositive and needs no further evidentiary development."); *id*. at 4 ("It was a considered strategy supported by legal research and professional experience.").

"[A]n evidentiary hearing is necessary when a petitioner alleges facts that, if true, would entitle him to relief. A petitioner's burden for receiving an evidentiary hearing is therefore

relatively light." *Lairy v. United States*, 142 F.4th 907, 917 (7th Cir. 2025) (remanding for evidentiary hearing on the issue of equitable tolling).

Mr. Gibson has satisfied his burden. He alleges that numerous circumstances combined to preclude him from being able to timely file his federal habeas petition. Those circumstances included the COVID-19 pandemic, his counsel's failure to timely file a habeas petition in violation of professional norms, and his untreated mental health challenges and lack of access to legal resources which left him unable to file a timely petition without the assistance of his counsel within the statutory period. These are precisely the kinds of circumstances that courts have found to entitle a petitioner to equitable tolling:

> Abandonment by counsel is one potentially extenuating circumstance, see *Maples v. Thomas*, 565 U.S. 266 (2012), and inability to access vital papers is another, see *Socha v. Boughton*, 763 F.3d 674 (7th Cir. 2014); *Estremera v. United States*, 724 F.3d 773, 777 (7th Cir. 2013). The Supreme Court observed in *Christeson v. Roper*, 574 U.S. 373 (2015), that a prisoner's mental disability in conjunction with abandonment by counsel may justify the appointment of new counsel to explore the question whether the disability tolls the period of limitations.

*Schmid v. McCauley*, 825 F.3d 348, 350 (7th Cir. 2016). "The important thing is the full picture with which an inmate is contending." *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014). If Mr. Gibson is able to marshal evidence to support the factual allegations in his motion, he may be entitled to equitable tolling. For this reason, his motion for an evidentiary hearing, dkt. [86], is **granted.** A hearing and pre-hearing deadlines will be set by separate order.

### III.  Motion for Discovery

Mr. Gibson's motion for discovery seeks several categories of documents. Other than blanket opposition to any further evidentiary development, and opposition to one-sided discovery, Respondent makes no particularized objection to Mr. Gibson's motion.

First, he seeks leave to subpoena documents from the Indiana Department of Correction (IDOC) related to: 1) disruptions to attorney-client communications during the COVID-19 pandemic; and 2) communications between his counsel and IDOC regarding legal visits.

Second, Mr. Gibson seeks discovery of former counsel Murray and Benza's CJA payment vouchers for services and expenses related to their representation of Mr. Gibson to support his assertion that counsel effectively abandoned him. Dkt. 87 at 6-7. He asks that the Court order the clerk to provide copies of these vouchers to his counsel and not to Respondent. Respondent objects to this proposal. In the alternative, Mr. Gibson asks the Court to conduct an *in camera* review of the vouchers to determine if they should be redacted before being produced to counsel.

Third, Mr. Gibson seeks his complete mental health records from IDOC and the healthcare companies that have contracted with IDOC since Mr. Gibson's incarceration including Wexford Health Sources, Inc., and Centurion Health of Indiana, LLC. Dkt. 87 at 8-9. Mr. Gibson's motion points out that Respondent has relied on mental health records that were not previously provided to him or his counsel. *Id.* (referencing medical records at dkt. 79-20, dkt. 79-29, and dkt. 79-32).

Rule 6(a) of the Rules Governing § 2254 Cases allows a habeas corpus petitioner to conduct civil discovery "if, and to the extent that, the judge in the exercise of [her] discretion and for good cause shown grants leave to do so, but not otherwise." As with Mr. Gibson's motion for evidentiary hearing, his motion for discovery seeks documents that would support his equitable tolling claim. He cites several out of circuit cases that authorize discovery to support equitable tolling claims. Dkt. 87 at 4. It is clear the Seventh Circuit approves of holding evidentiary hearings when petitioners make plausible claims of equitable tolling. *Lairy*, 142 F.4th at 917 (remanding for evidentiary hearing on the issue of equitable tolling). And "[t]o hold an evidentiary hearing

requires evidence." *Edwards v. United States*, No. 3:19-CV-293-NJR, 2021 WL 673483, at \*3 (S.D. Ill. Feb. 22, 2021).

The Court declines Mr. Gibson's request that the Court order the clerk to provide his counsel with copies of former counsel Murray and Benza's CJA payment vouchers, but not provide the same to Respondent. As noted in Mr. Gibson's motion, unredacted CJA payment vouchers are public record, subject to some limitations. 18 U.S.C. § 3006A(d)(4).

Mr. Gibson's motion for discovery, dkt. [87], is **granted.** His counsel may subpoena IDOC and its health contractors for the categories of documents discussed in his motion. In addition, Mr. Gibson's counsel shall have **14 days** to notify the Court whether it wishes for the clerk to provide copies of the CJA payment vouchers to counsel for Mr. Gibson and Respondent. Any vouchers provided will redact only the internal accounting notes associated with each voucher and will not include any attachments to the vouchers.

### IV.  Motion for Transport Order

Mr. Gibson's motion for transport order asks the Court to order IDOC to transport him to Community Hospital North in Indianapolis for medical testing and imaging to develop evidence in support of his claim for equitable tolling. Dkt. 84. He contends that such testing will support his claim that his cognitive abilities were negatively affected such that he was unable to manage his legal affairs. Respondent argues, among other things, that this testing would be cumulative to testing previously performed and that testing today would not assist Mr. Gibson in demonstrating his cognitive capacities between 2020 and 2023. Dkt. 85 at 3-5. Mr. Gibson replies that testing available today is capable of providing information that previous testing could not, and that the results of the testing, when interpreted by his expert alongside his other medical history, may show "the likely etiology of the brain abnormalities and their associated timeline." Dkt. 89 at 5, quoting

6

dkt. 89-1 at 3. His expert further states that, depending on the results of the testing, he will be able to opine on the question of whether any identified "brain abnormalities existed before February 2020." Dkt. 89-1 at 4.

Mr. Gibson's motion relies on the All Writs Act, 28 U.S.C. § 1651(a), which authorizes courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Respondent argues that *Shoop v. Twyford*, 596 U.S. 811 (2022), "established that it is improper for a district court to grant a transportation order for medical testing when the evidence sought to be developed would be irrelevant to the resolution of the underlying habeas claims." Dkt. 85 at 5.

Mr. Gibson argues that this reading of *Twyford* is too expansive. Dkt. 89 at 5-6. Such a reading would certainly be at odds with the spirit of *Lairy* and other Seventh Circuit cases that expressly authorize district courts to hold hearings to develop evidence in support of an equitable tolling claim. The *Twyford* Court, however, was addressing the *claims* in a habeas petition, not equitable tolling. The Court stated: "if §2254(e)(2) applies and the prisoner cannot meet the statute's standards for admitting new merits evidence, it serves no purpose to develop such evidence just to assess cause and prejudice." 596 U.S. at 823. Unlike Mr. Twyford, Mr. Gibson is not seeking evidence to shore up the claims he pursued or failed to pursue in state post-conviction proceedings. Mr. Gibson is seeking evidence to support equitable tolling of the time he is allotted to bring the claims he developed in state court.

Finally, Respondent argues that transporting Mr. Gibson for testing would create a safety risk to the general public. Mr. Gibson counters that he is nearly 70 years old and has no history of physical violence during his incarceration. He has been transported in restraints by armed guards for medical care at outside facilities in the past without incident. Dkt. 89 at 8.

Respondent has not pointed to any incident in Mr. Gibson's decade in prison that would indicate that he cannot be safely transported for medical testing. Contrary to Respondent's assertion that Mr. Gibson would be let "loose in a public setting," dkt. 85 at 7, Mr. Gibson would be transported in restraints by correctional officers at a time selected to minimize any interaction with the general public. Dkt. 89 at 8.

Because the Court finds that Mr. Gibson's request for a transport order seeks to develop evidence that could be admitted to support equitable tolling of the statute of limitations, his motion, dkt. [84], is **granted**. Mr. Gibson's counsel and IDOC shall schedule transportation of Petitioner William Clyde Gibson III, IDOC No. 169605, to Community Hospital North, Indianapolis, Indiana, at a mutually convenient date and time, for DTI and PET imaging to be performed on Mr. Gibson.

### V.  Motion for Leave to File Surreply in Opposition to Motion to Dismiss

Mr. Gibson seeks leave to file a surreply to Respondent's reply in support of the motion to dismiss Mr. Gibson's petition as untimely. He argues that he should be allowed to address hundreds of pages of exhibits attached to the reply and to address the possibility that Respondent acquired medical exhibits in violation of the Health Insurance Portability and Accountability Act (HIPAA). Dkt. 81 at 1.

The possibility that Respondent, Mr. Gibson's custodian, violated HIPPA by acquiring or maintaining Mr. Gibson's medical records is ancillary at best to his petition for habeas relief. Furthermore, Mr. Gibson has put those records at issue by raising his brain functioning and mental health status as a grounds for equitable tolling. On the other hand, Mr. Gibson should have an opportunity to respond to the substance of the medical records attached to Respondent's reply.

Thus, his motion for leave to file a surreply, dkt. [81], is **granted to the extent** he may file a surreply limited to the evidence and arguments raised in Respondent's reply.

Because Mr. Gibson's discovery requests and motion for transport order seek evidence related to the substance of Respondent's reply, it would be premature to set a deadline for filing the surreply. Instead, the **Magistrate Judge is requested** to set a telephonic status conference to discuss the scope of any additional discovery (potentially by Respondent) and discovery deadlines, a deadline for Mr. Gibson's surreply, and other deadlines to prepare for an evidentiary hearing on the question of equitable tolling.

## VI.  Conclusion

In summary, Mr. Gibson's motion for an evidentiary hearing, dkt. [86], is **granted.** A hearing and pre-hearing deadlines will be set by separate order at the conclusion of all pre-hearing discovery and briefing.

Mr. Gibson's motion for discovery, dkt. [87], is **granted.** His counsel may subpoena IDOC and its health contractors for the categories of documents discussed in his motion. In addition, Mr. Gibson's counsel shall have **14 days** to notify the Court whether it wishes for the clerk to provide copies of the CJA payment vouchers to counsel for Mr. Gibson and Respondent. Any vouchers provided will redact only the private accounting notes associated with each voucher and will not include any attachments to the vouchers.

Mr. Gibson's motion for transport order, dkt. [84], is **granted**. Mr. Gibson's counsel and IDOC shall schedule transportation of Petitioner William Clyde Gibson III, IDOC No. 169605, to Community Hospital North, Indianapolis, Indiana, at a mutually convenient date and time, for DTI and PET imaging to be performed on Mr. Gibson.

Finally, Mr. Gibson's motion for leave to file a surreply, dkt. [81], is **granted to the extent** he may file a surreply limited to the evidence and arguments raised in Respondent's reply.

The **Magistrate Judge is requested** to set a telephonic status conference to discuss the scope of any additional discovery (potentially by Respondent) and discovery deadlines, a deadline for Mr. Gibson's surreply, and other deadlines, such as witness and exhibit lists, to prepare for an evidentiary hearing on the question of equitable tolling.

**IT IS SO ORDERED.**

Date: 9/11/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Samuel J.B. Angell
Federal Community Defender Office for the Eastern District o
samuel_angell@fd.org

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov

Oliver W. Loewy
Oliver W. Loewy, Esq.
oliverwloewy@gmail.com

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov

Edward Rymsza
Miele and Rymsza, P.C.
rymsza@comcast.net

Courtney Leanne Staton
Office of Indiana Attorney General
courtney.staton@atg.in.gov

Magistrate Judge Mario Garcia